**Desmond Clyde BOWEN, Plaintiff-Appellant,**

v.

**Rubye Gillenwater BOWEN; and the Prudential Insurance Company of America, Defendants-Appellees.**

**No. 83-7192**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 22, 1983.

Donald M. Phillips, Lanett, Ala., for plaintiff-appellant.

Ralph B. Tate, Spain, Gillon, Riley, Tate & Etheredge, Birmingham, Ala., for Prudential.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

We AFFIRM the district court for the reasons set forth in its dispositive memorandum opinion which appears in the Appendix.

## APPENDIX

## MEMORANDUM OPINION

HOBBS, District Judge.

This cause is now before the Court on the motion to dismiss, filed by defendant The Prudential Insurance Company of America (Prudential), and defendant Rubye Gillenwater Bowen's motion to dismiss or transfer. By order of this Court dated January 19, 1983, the motions to dismiss are treated as ones for summary judgment pursuant to Rule 12 of the Federal Rules of Civil Procedure. A hearing was held on November 24, 1982.

The facts relevant to a decision of the pending motions are herein set out. On November 24, 1964, Mr. and Mrs. Bowen were granted an absolute divorce by a Tennessee county court which ordered Mr. Bowen to pay his former wife two hundred dollars per month alimony. On February 17, 1978, Mrs. Bowen brought suit against her former husband and Prudential in Tennessee circuit court. Mr. Bowen was in arrears on his alimony payments and Mrs. Bowen sought to enjoin Prudential from paying plaintiff retirement benefits under a plan Mr. Bowen had with Union Carbide Corporation. On October 17, 1977, the circuit court issued an injunction directing Prudential to make future payments of Mr. Bowen's retirement benefits to the clerk of the court. Pursuant to an agreement subsequently entered into by the Bowens and Prudential, the circuit court dissolved the injunction on August 31, 1978. The agreement provided that Prudential would issue checks in the name of Mr. Bowen but would deliver these checks to Mr. Bowen's attorney. The attorney was to deposit the funds in an account held by the attorney and Mr. Bowen jointly. The funds in this account would be used to pay the amount owed Mrs. Bowen as alimony.

On September 13, 1982, Mr. Bowen filed this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Section 1001 *et seq.*, seeking preliminary and permanent injunctions restraining defendants from withholding pension benefits under color of an order of any state court and asking this Court to clarify his right to future retirement benefits due from Prudential. Mr. Bowen alleges that the past acts of defendants in paying his retirement benefits to the clerk of court or persons other than plaintiff violate the provisions of ERISA.

At the November 24 hearing, this Court raised the question of whether it has subject matter jurisdiction of this cause. Section 1337, Title 28, United States Code, requires that a claim for relief "arise under" federal law and that the federal claim appear on the face of a "well-pleaded" complaint. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The Court was concerned with whether Mr. Bowen's ERISA claim is in fact a defense to a state court garnishment or injunction and thus not properly in federal court. Mr. Bowen responds that he bases this Court's jurisdiction not on Section 1337's "arising under" language but rather on ERISA's jurisdictional provision, which has no limiting "arising under" language; therefore, he contends the *Skelly Oil* requirement is not applicable. *See Wong v. Bacon,* 445 F.Supp. 1177, 1186–87 (N.D.Cal.1977). Accepting plaintiff's contention that this Court has jurisdiction "to clarify his rights to future benefits under the plan" as provided in Section 1132(a)(1)(B) of ERISA, this Court concludes that state court orders enforcing family support rights through attachment or garnishment of funds subject to ERISA do not violate the Act. Although neither the Fifth nor Eleventh Circuits have ruled on this issue, the Second and Ninth Circuits have held that a state garnishment order used to satisfy court ordered family support payments is exempted from the alienation and assignment proscriptions of ERISA. *Operating Engineers' Local No. 428 Pension Trust Fund v. Zamborsky,* 650 F.2d 196 (9th Cir.1981); *Cody v. Riecker,* 594 F.2d 314 (2d Cir.1979); *American Tel. & Tel. Co. v. Merry,* 592 F.2d 118 (2d Cir.1979). This Court concurs with these circuits and concludes, therefore, that a Tennessee state court can garnish, attach, or enjoin Mr. Bowen's pen-

sion benefits if he is in arrears or refuses to pay his alimony payments to Mrs. Bowen. The other issues addressed by the motions need not be discussed because of this conclusion. A separate order will be entered in this cause.