518 So.2d 1227 (1988)
METHODIST HOSPITALS OF MEMPHIS
v.
GUARDIANSHIP OF STEPHEN G. MARSH, A Minor, Larry Marsh and Tina Marsh, Natural Parents of Stephen G. Marsh.
No. 57417.
Supreme Court of Mississippi.
January 20, 1988.
Thomas R. Prewitt, Jr., Sara L. Rosson, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., for appellant.
D. Russell Jones, Jr., Southaven, for appellees.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
*1228 HAWKINS, Presiding Justice, for the Court:
Methodist Hospitals of Memphis, a Memphis, Tennessee, hospital, appeals from a decree of the chancery court of DeSoto County holding that it held no valid lien against the estate of Stephen B. Marsh, an injured minor, by virtue of a written instrument executed by his mother, Mrs. Tina Marsh, purporting to grant a lien to the hospital. We affirm the chancellor's finding that no lien was created against the minor's estate by virtue of an instrument executed by his mother, but remand for a determination of whether a two thousand dollar ($2,000) medical coverage was payable directly to the hospital as the beneficiary under an insurance policy.

FACTS
Stephen was injured while a passenger in a car being driven by another minor, Darrell McCullough, in an automobile insured by Maryland Casualty Company. He was treated at Methodist Hospital in Memphis. His mother, Mrs. Tina Marsh, signed a document called a Hospital Lien in which she agreed to pay out of any insurance settlement or judgment she might recover any hospital bills incurred in treating her injury. Mr. and Mrs. Marsh were later appointed guardians of their son's estate. Maryland Casualty settled at the policy limits: $25,000 in liability coverage and $2,000 in medical payments coverage. Mr. and Mrs. Marsh petitioned the chancellor to rescind the instrument she had executed, and made the hospital an adverse party. The hospital answered, claiming that it had a lien on the settlement by virtue of the assignment of the minor's mother and his attorney.
The chancellor read the document and held that the mother had made no promises concerning the money her son had received. The judge decreed that the hospital was not entitled to receive any money from the minor's estate.

LAW
On authority of McCoy v. Preferred Risk Ins. Co., 471 So.2d 396 (Miss. 1985), the decree is affirmed as to the $25,000 liability coverage benefits under the Maryland Casualty Company policy. Mrs. Tina Marsh, the mother, had no legal authority, in the absence of prior chancery court approval, to execute any document binding Stephen's estate insofar as the insurance proceeds to which he was entitled. Unfortunately, no copy of the policy was made a part of the record and we cannot know whether Methodist Hospital is a direct beneficiary of the medical coverage payments under the policy, and we remand for a determination whether the hospital is due these benefits irrespective of any lien or assignment. McCoy v. Preferred Risk Ins. Co., supra.
The hospital argues that the minor's estate is bound to pay the hospital bills, which were stipulated to be reasonable and necessary. Epperson v. Nugent, 57 Miss. 45, 47 (1897). However, the hospital presented the chancellor with the Lien as its only basis for a claim on the minor's estate. The chancellor made no ruling on the implied contract theory. It follows that this argument is not an assignment of error on the part of the chancellor, but an issue raised for the first time on appeal, and is not properly before this Court. Byrd v. F-S Prestress, Inc., 464 So.2d 63, 67 (Miss. 1985), citing Miss.Sup.Ct.R. 42; Richburger v. State, 90 Miss. 806, 832, 44 So. 772 (1907). A trial judge cannot be put in error on a matter which was never presented to him for decision. Clark v. State, 206 Miss. 701, 702, 40 So.2d 591 (1949). The rule applies to both criminal and civil cases. Cooper v. Lawson, 264 So.2d 890, 891 (Miss. 1972).
AFFIRMED ON DENIAL OF $25,000 LIABILITY COVERAGE BENEFITS; REVERSED AND REMANDED ON MEDICAL COVERAGE BENEFITS.
ROY NOBLE LEE, C.J., DAN LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.