652 So.2d 1102 (1995)
COOPER TIRE & RUBBER COMPANY
v.
Johnny STRIPLIN, a Minor, By and Through his Parents and Next Friends Henry and Togiva STRIPLIN; Henry Striplin, Individually, Togiva Striplin, Individually.
No. 92-CA-00570-SCT.
Supreme Court of Mississippi.
March 30, 1995.
*1103 David A. Burns, Holcomb Dunbar Connell Chaffin & Willard, Clarksdale, for appellant.
Dana J. Swan, Richard B. Lewis, Chapman Lewis & Swan, Clarksdale, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ.
BANKS, Justice.
In this case we consider the question of whether ERISA pre-empts state law requiring court approval for contracts affecting a minor's estate with regard to subrogation rights of the ERISA plan to insurance proceeds due the child. We conclude that the state law is not pre-empted because it neither directly nor indirectly relates to pension plans, and it addresses an area traditionally regulated by the states.

I.
The facts of this case are undisputed. Johnny Striplin (Striplin), a minor, was injured while riding his bicycle by an uninsured motorist on February 3, 1987. As a result of the accident, Cooper Tire, employer of Henry Striplin, paid amounts totaling $12,472.80 to medical providers pursuant to the terms of an ERISA-based employee pension and insurance program.
In connection with the payments, Striplin's parents executed Receipt and Subrogation Agreements subrogating Cooper Tire to the rights and interests they had against any person or corporation liable for Striplin's injury.
Subsequent to the payment of monies by Cooper Tire, Aetna agreed to pay the sum of $75,000 to Striplin, by and through his parents, under the terms of the uninsured motorist provisions of an insurance policy in effect between Aetna and Henry Striplin. Cooper Tire claimed entitlement to $12,472.80 of the settlement agreement pursuant to the terms of the Receipt and Subrogation Agreement. Striplin rejected Cooper Tire's claims and asserted that the agreement was invalid under Mississippi law because it did not receive prior court approval. Henry Striplin, as guardian, was ordered to inter-plead $12,684.85 to the chancery court clerk pending settlement of the dispute.
Cooper Tire thereafter filed a Motion for Summary Judgment asserting that there was no genuine issue of material fact with regard to its right to reimbursement because the pension plan was governed by ERISA, thus, any state law relating to it was pre-empted. Striplin filed a Cross-Motion for Summary Judgment which was granted. The court held that there was no ERISA pre-emption and that under state law, the agreement was ineffective as to Striplin. Aggrieved, Cooper Tire filed a notice of appeal on June 1, 1992.

II.
Cooper Tire asserts that its pension program is a self-funded employee benefit plan and, is thus, exclusively governed by ERISA. Citing FMC Corporation v. Holliday, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), Cooper Tire contends that any state law which relates to an ERISA based pension plan is pre-empted by ERISA. McCoy v. Preferred Risk Ins. Co., 471 So.2d 396 (Miss. 1985), and Methodist Hospitals of Memphis v. Marsh, 518 So.2d 1227 (Miss. 1988), require court approval prior to assigning a child's rights to insurance proceeds. Cooper Tire contends that the law enunciated in those cases relate to its pension plan because it cannot receive reimbursement for expenses paid under its pension plan without first receiving court approval.
Cooper Tire's argument is not well taken. Neither Marsh nor McCoy directly or indirectly relate to pension plans. The holdings of Marsh and McCoy simply protect minors' rights to insurance proceeds by requiring court approval prior to a parent signing away his child's rights to proceeds due him, and have absolutely no relation to pension plans. The fact that Cooper Tire's pension program is governed by ERISA does not, in and of itself, pre-empt the holdings of Marsh and McCoy.
Congress did not pre-empt areas traditionally regulated by the states. FMC Corp. 498 U.S. at 62-63, 111 S.Ct. at 410. Domestic relations is an area traditionally regulated by the states. Rose v. Rose, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987). In Rose, *1104 the court held that a Tennessee state statute authorizing an award of veteran disability benefits as a form of child support was not pre-empted by federal law relating to the Veteran Administration's apportionment power. The court held
We have consistently recognized that the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States ... Before a state law governing domestic relations will be overridden, it "must do major damage to clear and substantial federal interests." (citations omitted).
Rose, 481 U.S. at 625, 107 S.Ct. at 2033-34. See also Savings and Profit Sharing Fund of Sears Employees v. Gago, 717 F.2d 1038, 1040 (7th Cir.1983) (Wisconsin court order awarding spouse one-half of beneficiary interest in pension fund as part of a divorce settlement held not pre-empted by ERISA); Bowen v. Bowen, 715 F.2d 559, 560 (11th Cir.1983) (state court order ordering withholding from former husband's retirement benefits to satisfy alimony payments held not pre-empted by ERISA). The subject of minors' estates is a matter within the field of domestic relations not governed by ERISA. Miss. Code Ann. tit. 93.
It is clear that state courts have traditionally regulated minors' business. Miss. Const. Art. 6 § 159 ("The chancery court shall have full jurisdiction in the following matters and cases, viz: (d) Minor's business"); Alack v. Phelps, 230 So.2d 789 (Miss. 1970) (minors are under the disability of age and cannot legally act for themselves, therefore, state equity courts are required to protect their interest). For these reasons, Cooper Tire's pre-emption argument is without merit.

III.
Cooper Tire asserts that by failing to enforce the terms of the subrogation agreement, the court rewrote the parties' agreement so as to allow the Striplins to enjoy the benefits provided by the benefit program without complying with the terms therein required. Because the agreement provides for subrogation with respect to any amounts paid under the program, as well as provides that employees shall take no actions prejudicing the rights of the company under the policy, Cooper Tire argues that the court should not have the authority to modify, add to, or subtract from the terms of its valid contract. First National Bank of Vicksburg v. Caruthers, 443 So.2d 861, 864 (Miss. 1983). In the alternative, Cooper Tire contends that the court erred by not authorizing the Striplins to execute those documents necessary to preserve and protect its rights as set forth in the agreement.
Cooper Tire's argument is without merit. The court did not rewrite the contract, but under Marsh and McCoy, found the agreement invalid because it lacked prior court approval.
In McCoy, we held that a parent may not assign his child's rights to proceeds derived from an insurance policy to a third party rendering medical care to said child because the parent had no right to, or interest in, the proceeds. We extended McCoy's holding in Marsh by requiring parents to obtain chancery court approval prior to the assignment of a child's rights to proceeds.
By executing subrogation agreements, Mr. and Mrs. Striplin impermissibly attempted to assign away Striplin's rights to a portion of uninsured motorist proceeds due him. As Striplin was the only party entitled to those proceeds via his injuries, his parents had no right to assign them to Cooper Tire absent prior court approval. McCoy, 471 So.2d at 398. Thus, the court did not err by failing to enforce the agreement.
Moreover, the trial court did not err by refusing to order the parties to execute pleadings seeking court approval. The provision that employees may take no actions prejudicing the rights of the company under the policy cannot be read to compel employees to seek approval of the agreement after the fact. If Cooper Tire is due consideration, it would be based upon its own equitable claim for reimbursement of necessary medical expenses under the doctrine of quasi-contract. Because Cooper Tire raised this claim on appeal, but did not raise it below, the issue is now waived. Natural Father v. *1105 United Methodist Child Home, 418 So.2d 807 (Miss. 1982)
For the foregoing reasons, we affirm.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., SULLIVAN, PITTMAN, McRAE, ROBERTS and SMITH, JJ., concur.