STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-209
PAF-YOR - 1/30/2001

GENEST CONCRETE WORKS, INC.,

Plaintiff

v.

STEVEN T. MANN,

Defendant

ORDER
AND
DECISION

v.

MICHAEL GENEST, et als.,

Third-Party Defendants

The plaintiff sued its former controller alleging that the defendant embezzled over $100,000 from it. The plaintiff also obtained an *ex parte* attachment of the defendant's pension assets that it held for the defendant.

While both federal law, 29 U.S.C. §1056(d), and state law, 24-A M.R.S.A. 2432, prohibit the attachment of pension funds the plaintiff cited the case *St. Paul Fire and Marine Insurance Co. v. Cox*, 752 F.2d 550 (11th Cir. 1985) for the proposition that garnishment of a pension fund, or attachment in this case, undertaken to satisfy liability arising from criminal misconduct, or alleged misconduct here, constituted an ". . . exception to the non-alienability provisions of ERISA." See *Cox* at 752. However, in 1990 the Supreme Court of the United States noting that the Courts of Appeals had ". . . expressed divergent views concerning the availability of exceptions to ERISA's anti-alienation provision, . . .". See *Guidry v. Sheet Metal Pension Fund*, 493 U.S. 365, 371 (1990), held that Courts were not free to create exceptions and that pension funds, such as those in this case, could not be seized.

The defendant moved to dissolve the attachment citing the statutes and some case law but not *Guidry*. Eventually, after the plaintiff submitted a brief memorandum of law in opposition to the motion to dissolve, the defendant cited *Guidry*. The attachment was then dissolved leaving as the only remaining issue the question of whether the defendant was entitled to his attorney's fees for prosecuting the motion to dissolve.

While the request for the attachment and the granting of the attachment were both erroneous it does not necessarily follow that the defendant is entitled to attorney's fees. Rule 11, M.R.Civ.P. allows the Court to impose sanctions, including a reasonable attorney's fee, when a motion ". . . is signed with intent to defeat the purpose of this rule . . ." I do find that Rule 11 sanctions are warranted. The issue was an uncommon one with some case law, though no longer valid, supporting the plaintiff's view. To quote from one case cited for a different reason by the plaintiff, "The judge's order permitting the government to satisfy the restitution order from Gaudet's pension and thereby repay the pension funds he embezzled is certainly not counter intuitive. No judge or other legal scholar can be expected to have an intimate knowledge of every obscure rule of law." *United States v. Gaudet*, 966 F.2d 959, 964 (5th Cir. 1992).

The entry is:

> Defendant's request for an award of attorney's fees on his motion
> to dissolve attachment is denied.

Dated:      January 30, 2001

Paul A. Fritzsche
Justice, Superior Court

James J. Shirley, Esq. - PLS/TP DEFS.
Daniel G. Lilley, Esq. - DEF. Steven Mann

2