CHANDLER, Justice,
for the Court:
¶ 1. A minor, Nicholas Proulx, was injured in a car accident and treated for his injuries at Memorial Hospital at Gulfport. Nicholas’s parents, Timothy Proulx and Hope Proulx Roche (the guardians), obtained letters of guardianship and petitioned the chancery court for authority to compromise and settle his personal-injury claim for $50,000, provided by liability insurance coverage. The guardians also asked the chancery court to dismiss claims against the settlement proceeds made by several medical providers, including Memorial. Memorial appeals from the chancellor’s dismissal of its claim. Because Memorial had no assignment, lien, or other legal right to payment from the settlement proceeds, we affirm.

FACTS

¶2. On November 26, 2011, Nicholas was a passenger in a vehicle' driven by Christopher Murray that was struck by another vehicle driven by Olena B. Johnson. Nicholas sustained a right distal radius fracture, left metacarpal fracture and phalanx fracture, and a pulmonary contusion. Nicholas made a full recovery from his injuries. His total medical expenses incurred from the accident were $84,417.69.
¶ 3. Nicholas’s parents obtained letters of guardianship and petitioned for the authority to compromise and settle Nicholas’s claim. The petition stated that, pursuant to its policy with Jennifer Hope Roche, Geico General Insurance Company had agreed to settle Nicholas’s claim for $25,000, the policy limits. Additionally, Johnson’s insurer, Safeco Insurance Company of Illinois, had agreed to pay $25,000, its per-person liability policy limits, to settle the claim. The petition stated that, because Nicholas was a Medicaid beneficiary, Medicaid had paid $2,543.80 on his behalf and agreed to accept the reduced amount of $1,907.85 from the settlement in *224 full satisfaction of its lien.[1] The petition further asserted that Memorial, through MedPay Assurance, asserted a lien for unpaid medical expenses totaling $71,025.14. The guardians requested that the chancery court approve the settlement. They also requested that the chancery court waive any requirement of payment of the hens claimed by Memorial and other medical providers.
¶4. Memorial appeared at the hearing on the petition to settle the claim, arguing that it was entitled to a pro rata share of the settlement funds on the ground that a medical provider cannot bill Medicaid until all available third-party sources of payment have been exhausted. The guardians argued that, because Memorial’s claim exceeded the settlement funds and Nicholas would not be made whole, the claim should be denied. The chancery court agreed and dismissed Memorial’s claim because it exceeded the amount of the settlement and Nicholas would not be made whole if Memorial’s claim were paid from the settlement funds. Memorial appeals.

LAW AND ANALYSIS

I. WHETHER THE CHANCERY COURT ERRED BY DISMISSING MEMORIAL’S CLAIM AGAINST THE SETTLEMENT FUNDS.
¶ 5. Memorial argues that the chancery court erred by applying the made-whole rule in this case. This Court adopted the made-whole rule in Hare v. State, 733 So.2d 277, 285 (Miss.1999). Hare was injured in a car accident and received health insurance benefits of $6,056.44 from the State Health Plan. Id. at 279. His medical expenses were $8,667.50, and expert witnesses estimated that he could recover between $50,000 and $175,000 in a lawsuit. Id. at 279, 284. When Hare recovered $10,000 from an uninsured motorist policy, the State filed a subrogation claim against his uninsured-motorist benefits pursuant to a subrogation provision in the State Health Plan. Id. at 279. Hare argued that, because he had not been fully compensated, or made whole, for the accident, he had received no double recovery for which the State was entitled to subrogation. Id. at 281.
¶ 6. The Court observed that a majority of states adhere to the made-whole rule, which is “the general principle that an insurer is not entitled to equitable subro-gation until the insured has been fully compensated.” Id. at 283. However, in some states, a contractual right to subro-gation will override the application of the made-whole rule. Id. at 282. This Court rejected that approach, adopted the made-whole rule, and held that, because “the equitable nature of subrogation requires that no distinction need be made between equitable and conventional rights of subrogation,” the made-whole rule “is not to be overridden by contract language.” Id. at 283-84 (quoting Franklin v. Healthsource of Arkansas, 328 Ark. 163, 942 S.W.2d 837 (1997)). The Court held that there is no double recovery until the insured has been *225 fully compensated. Hare, 733 So.2d at 284. The court applied the made-whole rule and held that, because Hare’s uninsured motorist benefits had not fully compensated him for the accident, he had not received a double recovery, and the State was not entitled to subrogation. Id. at 285.
¶ 7. Memorial argues that the made-whole rule applies only in the context of insurance subrogation. It contends that it had a debtor-creditor relationship with Nicholas to which the made-whole doctrine does not apply. We need not address whether the made-whole rule defeats Memorial’s claim to settlement proceeds. This is because, regardless of the applicability of the made-whole rule, Memorial has no legal right to any recovery from the settlement proceeds. Memorial has no lien against the funds. Unlike some other states, Mississippi has no statutory hospital lien, nor has this Court recognized a common-law lien under these facts. Indeed, Memorial does not argue that it has a lien, or does it assert a right to recovery through a contract or under an implied-contract theory. It does not assert that it is the beneficiary of an assignment of the settlement proceeds. Memorial cited no authority for its argument at the hearing that it has a right to a pro rata share of the settlement proceeds.
¶8. Memorial’s position in this case is comparable to that of the hospitals that sought payment of medical bills in McCoy v. Preferred Risk Ins. Co., 471 So.2d 396 (Miss.1985), and Methodist Hospitals of Memphis v. Guardianship of Marsh, 518 So.2d 1227 (Miss.1988). In McCoy, a minor, David James McCoy, was hospitalized after a car accident, and his parents executed an assignment of all liability insurance benefits in favor of the hospital. Id. at 397. Later, the parents disputed the validity of the assignment, and the insurer interpleaded the benefits, which consisted of $20,000 in uninsured-motorist liability benefits and $4,000 in medical benefits. Id. The Court held that the parents had lacked authority to assign the uninsured-motorist benefits due to David. Id. at 397-98. However, because the medical-expense benefits under the policy authorized Preferred to pay all reasonable medical expenses to the entity rendering medical services, the Court permitted the hospital’s recovery of the $4,000 in medical benefits. Id. at 397.
¶ 9. In Methodist, another minor, Stephen B. Marsh, was injured in a car accident. Methodist, 518 So.2d at 1228. At the hospital, his mother signed a document entitled “Hospital Lien” in which she agreed to pay Stephen’s medical expenses from any insurance settlement or judgment she recovered. Id. The insurer settled for the policy limits of $25,000 in liability coverage and $2,000 in medical-payments coverage, and the hospital claimed a lien on those funds. Id. This Court rejected the claimed lien on the liability coverage because the mother had no legal authority to execute any document binding Stephen’s estate without prior chancery court approval. Id. (citing McCoy, 471 So.2d at 396). The Court remanded for a determination of whether the hospital was a direct beneficiary under the medical-payments coverage and “due these benefits irrespective of any lien or assignment.” Methodist, 518 So.2d at 1228.
¶ 10. In McCoy and Methodist, once the assignment or lien was found to be invalid, the hospitals had no further rights against the liability insurance proceeds due the minor, and the claims were denied. McCoy, 471 So.2d at 399; Methodist, 518 *226 So.2d at 1228. Memorial does not claim that it has a right to recovery under a lien, an assignment, or a contractual theory. Memorial’s sole argument supporting its claim of a right to the settlement proceeds is that it has a legal duty to seek recovery from any legally liable third party prior to billing Medicaid. This argument does not avail Memorial. The third-party insurers were not legally liable to pay Memorial for the medical bills. McCoy, 471 So.2d at 397-98; Methodist, 518 So.2d at 1228. The third-party coverage at issue here was general liability coverage, not medical-pay coverage that reimburses the hospital for medical bills. See McCoy, 471 So.2d at 397; Methodist, 518 So.2d at 1228. Memorial does not dispute this basic fact. Because no law entitled Memorial to payment from the settlement proceeds, we affirm the chancery court’s dismissal of Memorial’s claim.

CONCLUSION

¶ 11. Because Memorial had no assignment, lien, or other legal right to payment from the settlement proceeds, we affirm the chancery court’s judgment dismissing Memorial’s claim.
¶ 12. AFFIRMED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ„ CONCUR.

. Mississippi Code Section 43-13-125(1) provides for a Medicaid lien as follows:
If Medicaid is provided to a recipient under this article for injuries, disease or sickness caused under circumstances creating a cause of action in favor of the recipient against any person, firm or corporation, then the division shall be entitled to recover the proceeds that may result from the exercise of any rights of recovery that the recipient may have against any such person, firm or corporation to the extent of the Division of Medicaid’s interest on behalf of the recipient.
Miss.Code Ann. § 43-13-125(1) (Rev.2009). Additionally, "[t]he division, with the approval of the Governor, may compromise or settle any such claim and execute a release of any claim it has by virtue of this section.” Id.