# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00964-COA

**ADAMS & ASSOCIATES REALTY LLC, TANJA ADAMS AND GEORGE M. ADAMS**                                             APPELLANTS

**v.**

**MARK WISE AND PATRICIA WISE**                                             APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 05/31/2019 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | BRUCE LANCASTER BARKER |
| ATTORNEYS FOR APPELLEES: | WALTER T. JOHNSON BRIANA ANTOINETTE O'NEIL |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 11/24/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. On March 7, 2012, Mark and Patricia Wise (the Wises) filed a complaint for declaratory relief, compensatory and punitive damages, and other relief against Adams and Associates Realty LLC, Tanja Adams, George M. Adams, and John Does 1-10 (Adams). Their complaint arose out of a real estate contract dispute between the parties. Subsequently, Adams filed a counterclaim against the Wises on April 23, 2012 for a quantum meruit payment in the form of its six-percent agent commission and punitive damages. There was little action by either party in the case for over five years. On August 28, 2017, Adams filed a motion to dismiss the Wise's complaint for failure to prosecute pursuant to Mississippi

Rule of Civil Procedure 41(b).  On March 7, 2019, Mark and Patricia Wise likewise filed a motion to dismiss Adams' counterclaim for failure to prosecute, pursuant to Mississippi Rule of Civil Procedure 41(b).  On May 31, 2019, the circuit court entered an order granting both parties' motions to dismiss.  Aggrieved by the circuit court's judgment, Adams appealed.  Finding no error, we affirm the circuit court's judgment.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On September 1, 2010, Mark and Patricia Wise entered into an authorization and right to sell listing agreement (listing agreement) with Adams and Associates Realty LLC concerning the listing of approximately twenty-four acres of unimproved property in Oxford, Lafayette County, Mississippi.  The listing agreement was executed by fourteen additional family members and co-owners of the property.  The subject property was located near the University of Mississippi and its planned use was residential development.  Pursuant to the listing agreement, the listing period would end on November 30, 2010.  The initial listing price of the subject property was $395,000.00 per acre and Adams was entitled to a commission of six percent of the total sale price if the property was sold through its efforts.  The listing agreement provided that Hinds County, Mississippi, would be the venue for any dispute arising out of the listing agreement.

¶3.     On October 19, 2010, Greenleaf Capital LLC (Greenleaf) presented Adams with a contract for the sale and purchase of real estate.  The contract proposed the purchase of eighteen acres of the subject property with an option to purchase up to twenty acres at the price of $225,000.00 per acre.  Further, the contract proposed that Greenleaf's agent, Cherie

Matthews Real Estate, receive a commission of four percent of the total sale price. Greenleaf's proposed contract was never signed by any of the sixteen co-owners, and the sale did not go through.

¶4.    On November 10, 2011, Shirley Daniels and Stanley Taylor, two of the co-owners of the subject property, signed a contract extension (extension) with Adams. The extension was never signed by the remaining fourteen co-owners. On December 13, 2011, Shirley Daniels signed an addendum to the contract extension (addendum) as the "sellers' representative." The addendum listed the names of the "sellers collective"; however, the collective only listed nine of the fourteen co-owners and signatories to the original listing agreement. Mark Wise was not listed in the sellers collective. The extension and the addendum provided that the listing period be extended until December 31, 2012, and re-established Adams' commission as six percent of the purchase price.

¶5.    In the early part of 2012, the Wises and the other co-owners of the subject property found a potential buyer and entered into a development deal to sell approximately twenty acres of the subject property for the price of $200,000.00 per acre, for a total of approximately $4,000,000.00. Believing their contract extension and addendum to be valid, Adams demanded its six percent commission from the sale of the subject property.

¶6.    On March 7, 2012, the Wises filed the underlying lawsuit which requested a determination that there was no binding or enforceable contract between the owners of the subject property and Adams, and requested compensatory and punitive damages. On April 23, 2012, Adams filed its answer to the Wises' complaint and a counterclaim alleging

anticipatory breach of contract and damages. Because Patricia Wise was a sitting chancery court judge in Hinds County, there was a string of recusal orders beginning with Judge William Gowan on April 24, 2012. On May 7, 2012 the Wises filed their answer to Adams' counterclaim. As a result of Judge Gowan's recusal in 2012, the Mississippi Supreme Court appointed Judge Jeff Weill Sr. to preside over the case in October, 2016. Nothing was filed with the circuit court by either party after May 7, 2012, until Adams filed its motion dismiss the Wises' complaint over five years later on August 28, 2017. On August 31, 2017, Adams filed a response and clarification to its motion to dismiss. The substance of Adams' response was to clarify its position that despite its claim that the Wises' complaint should be dismissed, Adams stood "prepared to immediately begin prosecution" of its counterclaim. On September 6, 2017, the Wises filed their response in opposition of Adams' motion to dismiss.

¶7.    After another two months of inactivity in the case, the Wises filed their notice of service of interrogatories on November 21, 2017. A notice of hearing regarding Adams' motion to dismiss was entered on December 12, 2017, which triggered additional recusal orders. Judge Jeff Weill Sr. entered an order of recusal on December 18, 2017, Judge Tomie Green entered an order of recusal on January 1, 2018, and Judge Winston L. Kidd entered an order of recusal on January 5, 2018. On February 20, 2018, the Mississippi Supreme Court entered an order appointing special Judge Stanley Alex Sorey. On March 7, 2019, the Wises filed a motion to dismiss Adams' counterclaim for lack of prosecution.

¶8.    Over the course of litigation, both parties were represented by multiple attorneys.

4

Adams was represented by three attorneys. Roger L. McGehee Jr. and Stephen L. McDavid represented Adams solely in its counterclaim against the Wises. Jack H. Hayes Jr. represented Adams solely in its defense against the Wises' complaint. Both McDavid and McGehee filed motions to withdraw as Adams' counsel and were subsequently granted permission to withdraw by virtue of orders dated March 14, 2019, and May 20, 2019. The Wises were also represented by three attorneys during the pendency of litigation. Precious Martin, Sr. filed the Wises' initial complaint and unfortunately passed away during litigation. On September 6, 2017, Crystal Wise Martin filed her notice of appearance on behalf of the Wises. Finally, on November 21, 2017, Walter Johnson filed his notice of appearance on behalf of the Wises. After a motion hearing on May 10, 2019, the special judge entered an order on May 31, 2019, which granted both parties' motions to dismiss pursuant to Mississippi Rule of Civil Procedure 41(b).

## STANDARD OF REVIEW

¶9. "In reviewing a trial court's dismissal for failure to prosecute pursuant to Rule 41(b), this Court will reverse only if it finds the trial court abused its discretion." *Cox v. Cox*, 976 So. 2d 869, 874 (¶11) (Miss. 2008) (citing *AT & T v. Days Inn of Winona*, 720 So. 2d 178, 180 (Miss. 1998)).

## ANALYSIS

¶10. Adams argues on appeal that the circuit court abused its discretion when it granted the Wises' motion to dismiss its counterclaim pursuant to Mississippi Rule of Civil Procedure 41(b). More specifically, Adams claims (1) that the circuit court failed to consider lesser

5

sanctions which would have better served the interest of justice, (2) that there was no showing of delay or contumacious conduct on its part, and (3) that there was no showing of additional aggravating factors to support the dismissal of its counterclaim pursuant to Mississippi Rule of Civil Procedure 41(b). Adams failed to make any of these arguments in either a filed response to the Wises' motion to dismiss or through argument at the motion hearing.

¶11. Mississippi Rule of Civil Procedure 41(b) provides that a defendant may seek dismissal of any action or of any claim against him as a result of the plaintiff's failure to prosecute. "The power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court's control of its own docket." *Walker v. Parnell*, 566 So. 2d 1213, 1216 (Miss. 1990) (citing *Watson v. Lillard*, 493 So. 2d 1277, 1278 (Miss. 1986)). In *Holder v. Orange Grove Medical Specialties P.A.*, 54 So. 3d 192, 197 (¶18) (Miss. 2010), the Mississippi Supreme Court held that "this Court may uphold a Rule 41(b) dismissal when there is: (1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding by this Court that lesser sanctions would not serve the interest of justice. Additional 'aggravating factors' or actual prejudice may bolster the case for dismissal, but are not requirements." But "[i]t is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal." *City of Hattiesburg v. Precision Const. LLC*, 192 So. 3d 1089, 1093 (¶18) (Miss. Ct. App. 2016) (quoting *Adams v. Bd. of Sup'rs of Union Cnty.*, 170 So. 684, 685 (1936)). "The rule is that a 'trial judge cannot be put in error on a matter which was never presented to him for

6

decision.'" *Id.* (quoting *Methodist Hosps. of Memphis v. Guardianship of Marsh*, 518 So. 2d 1227, 1228 (Miss. 1988)).

¶12.  In this case, Adams did not file a response to the Wises' motion to dismiss, nor did it make its current argument on appeal at the motion hearing.  Roger McGehee was present at the motion hearing and was given the opportunity to make an argument in Adams' defense against the Wises' motion to dismiss.  Before arguing his motion to withdraw as counsel, his only statement regarding the motion to dismiss was, "the Motion to Dismiss in my opinion is not the correct motion today.  The correct motion would have been a Rule 37 Motion to Compel [discovery responses], and then if that's not done, then a Motion to Dismiss."  Given that Adams' arguments on appeal were not made in filed pleadings or at the circuit court's motion hearing, they were not preserved for appeal.  Even if Adams' argument were preserved for consideration by this Court on appeal, the circuit court did not abuse its discretion by dismissing the counterclaim under the two-part test set out in *Holder v. Orange Grove Medical Specialties P.A.*, 54 So. 3d 192, 197 (¶18) (Miss. 2010).

### A.  Clear Record of Delay

¶13.  Adams claims that there was no showing of delay or contumacious conduct in the litigation of its counterclaim.  Adams' argument focuses on the assertion that they had no duty to respond to the Wises' discovery request because of its untimeliness and that its failure to respond did not constitute contumacious conduct or delay.

¶14.  At the motion hearing, the circuit court stated on the record:

> The . . . counterclaim was filed in the spring of 2012, and although it went through a wash and rinse cycle on judges being appointed and recusing

7

themselves, that still would not have prevented either side in the Court's opinion from pursuing and filing discovery, taking depositions and moving the case forward with relevant motions. . . . From 2012, April of 2012, when the answer and counterclaim was filed moving forward to here we are in 2019, from the record it appears that nothing has been done to pursue that counterclaim. . . . . [O]nce that counterclaim is filed in there, the defendants essentially take on the role, as we know, of being plaintiffs; and it's their burden to pursue this action and to come forward with proof that they can meet that burden.

Further, the court stated:

So, not having filed an answer to any discovery, I agree probably the proper motion would have been to file a motion to compel, but nevertheless, a good faith letter was sent, and no response was ever made by the defendants Adams & Associates. Taking that into consideration **and the fact that nothing else has been done on this case**, the Court finds that under Rule 41(b) of the Mississippi Rules of Civil Procedure, dismissal of the counterclaim would also be proper at this juncture.

(Emphasis added). The record in this case is absolutely devoid of any actions taken by Adams to advance the litigation of its counterclaim for a period of over seven years. While the circuit court addressed the discovery issue raised by Adams, it also considered the delay in prosecution of Adams' counterclaim. "'Delay *alone* may suffice' for a dismissal under Rule 41(b). . . . 'Factors other than delay are not required.'" *Holder*, 54 So. 3d at 198 (¶20) (emphasis added). This is a case of clear delay and complete lack of activity in prosecution for a period of over seven years. Further, due to the lengthy delay, there is nothing in the record that would indicate an abuse of discretion by the circuit court in dismissing this matter. Therefore, Adams' argument regarding lack of clear delay is without merit.

## B. Consideration of Lesser Sanctions

¶15. Adams argues that the court abused its discretion for failing to consider lesser

8

sanctions in lieu of dismissal. Lesser sanctions may include "fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Manning v. King's Daughter's Med. Ctr.*, 136 So. 3d 109, 118 (¶27) (Miss. 2014). In *Manning*, the circuit court did not specifically address consideration of lesser sanctions in its order; however, the Mississippi Supreme Court upheld the circuit court's dismissal order based on the court's consideration of testimony in opposition of the motion to dismiss and request for lesser sanctions. *Id.* In the case at hand, McGehee argued on Adams' behalf that "the Motion to Dismiss in my opinion is not the correct motion today. The correct motion would have been a Rule 37 Motion to Compel [discovery responses], and then if that's not done, then a Motion to Dismiss." McGehee also advised the court that Adams had recently found a document that he thought would substantiate its claim if it was allowed to proceed with litigation. Finally, while the circuit court did not specifically address lesser sanctions in its order, the circuit court stated on the record that

> [h]ad this case not been on the docket for so long, I would have granted your [motion to withdraw] and given the defense, or counter claimants time to retain a new attorney and move forward and possibly answer the discovery. However, from 2012 to now 2019, that's been sufficient time to move this case forward. And as such, the Court has really no choice but to dismiss [the counterclaim].

It is clear from the record that the circuit court weighed its options before granting the Wises' motion to dismiss and considered a less severe alternative. Given the testimony from the motion hearing and the extreme seven-year delay in prosecution, the circuit court acted within its discretion in granting the Wises' motion to dismiss. Adams argument regarding

lesser sanctions is without merit.

### C. "Aggravating Factors"

¶16. Adams argues that there was no proof of any aggravating factors to further substantiate the circuit court's dismissal of its counterclaim. More specifically, Adams asserts that there was no proof of actual prejudice or intentional dilatory acts by itself or its counsel that would warrant the dismissal of its counterclaim.

¶17. "The presence of an aggravating factor may serve to 'bolster' or strengthen the case for a dismissal, **but is not a requirement**." *Holder*, 54 So. 3d at 200 (¶31) (emphasis added). Aggravating factors include "(1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct." *Id*. The circuit court was not required to consider "aggravating factors" in its decision to dismiss Adams' counterclaim; however, the seven year delay in litigation constitutes an aggravating factor in this case. As stated previously, prejudice can be presumed from unreasonable delay. *Id* at 199. Therefore, Adams' argument regarding "aggravating factors" is without merit.

### CONCLUSION

¶18. After review, we find that the circuit court did not abuse its discretion in dismissing Adams' counterclaim pursuant to Mississippi Rule of Civil Procedure 41(b). Therefore, the circuit court's judgment is affirmed.

¶19. **AFFIRMED.**

**WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR. BARNES, C.J., AND CARLTON, P.J., NOT PARTICIPATING.**