# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01210-SCT

*ROSA M. COLE, DECEASED, THROUGH SURVIVING SPOUSE JAMES FLOYD COLE AND JAMES FLOYD COLE, INDIVIDUALLY*

*v.*

*IRENE BUCKNER, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/29/2001 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WARNER HODGES, III |
| ATTORNEY FOR APPELLEE: | MILDRED M. MORRIS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 6/13/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/2002 |

**BEFORE SMITH, P.J., CARLSON AND GRAVES, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. After a grant of summary judgment in favor of Dr. Irene Buckner, James Floyd Cole, the surviving spouse of Rosa M. Cole, appeals the ruling citing an abuse of discretion by the circuit court in violation of M.R.C.P. 36(a) & (b). Finding the motion for summary judgment was properly granted, this Court affirms the judgment of the circuit court.

## FACTS AND PROCEEDINGS BELOW

¶2. On August 22, 2000, a complaint was filed for the wrongful death of Rosa M. Cole resulting from alleged malpractice against Irene Buckner, M.D. and three other defendants, Dr. Roger D. Weiner, Dr. Leonel Lacayo and Clarksdale HMA. The complaint alleged that Rosa Cole died from complications when Dr. Weiner negligently punctured her small bowel during a double cardiac catheterization. The complaint also alleged the other defendants breached their duty of care in their treatment of Rosa Cole.

¶3. On February 28, 2001, Dr. Weiner moved for summary judgment. Dr. Buckner joined Dr. Weiner's motion for summary judgment because Cole had failed to respond to discovery requests and had also failed to provide any information regarding an expert. The other defendants also filed motions for summary judgment. The hearing, which was originally scheduled for March 13, 2001, was unilaterally cancelled by Cole's attorney and was rescheduled for April 11, 2001. Cole did not respond to requests for production, interrogatories or admissions propounded by Dr. Buckner prior to the hearing, nor did he respond to the motion for summary judgment.

¶4. At the hearing, all defendants except Dr. Buckner were voluntarily dismissed by Cole. At this time, Cole provided Dr. Buckner with responses to requests for production, interrogatories and admissions, as well as a brief affidavit of a purported expert and a report from the expert. The substance of the report stated Rosa Cole died from Dr. Buckner's failure to timely diagnose a small bowel obstruction ileus. This conclusion was never mentioned in the original complaint, nor had the complaint been amended. Dr. Buckner was given 14 days from the date of the hearing to review the report and file necessary motions. Summary judgment at that time was denied.

¶5. On April 24, 2001, Dr. Buckner filed a motion to strike Cole's responses to the requests and interrogatories based on grounds for failure to properly serve. She also renewed her motion for summary judgment. Cole did not respond to the motion. At the second hearing, Cole filed a motion for extension of time and/or withdrawal of his answers to the request for admissions. This motion was denied, and summary judgment was granted in favor of Dr. Buckner. Following the court's granting of Dr. Buckner's motion for summary judgment, James Cole timely filed his notice of appeal. He raises the following two issues before this Court:

> **I. WHETHER THE REQUESTS FOR ADMISSION (NUMBERS 2 AND 4) VIOLATE M.R.C.P. 36(a).**

> **II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO ANSWER AND/OR TO PERMIT WITHDRAWAL OR AMENDMENT OF REQUESTS FOR ADMISSION (NUMBERS 2 AND 4).**

**DISCUSSION**

¶6. This Court employs a de novo standard in reviewing a trial court's grant of summary judgment. ***Short v. Columbus Rubber & Gasket Co.***, 535 So.2d 61, 65 (Miss.1988). Summary judgment may only be granted where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R.C.P. 56(c). The trial court must carefully review all evidentiary matters in the light most favorable to the non-moving party. ***Brown v. Credit Ctr., Inc.,*** 444 So. 2d 358, 362 (Miss. 1983). If in this view, the moving party is entitled to judgment as a matter of law, summary judgment should be granted. ***Id.*** However, discovery is left to the discretion of the trial court, and a ruling may only be reversed if there has been an abuse of discretion. ***Harkins v. Paschall,*** 348 So. 2d 1019, 1022 (Miss. 1977)(citing ***Paulk v. Housing Auth.***, 228 So.2d 871 (Miss.1969)).

> **I. WHETHER THE REQUESTS FOR ADMISSION (NUMBERS 2 AND 4) VIOLATE M.R.C.P. 36(a).**

¶7. Cole argues request nos. 2 and 4 did not comply with Rule 36 because they did not contain a preamble of fact, but merely stated conclusions of law. Request nos. 2 and 4 both addressed Dr. Buckner's standard of care in treating the deceased. Cole claims there was no definition of "standard of care" incorporated in either of the requests.

¶8. M.R.C.P. 36(a) states:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact *or of the application of law to fact*, including the genuineness of any documents described in the request.

(emphasis added). Request nos. 2 and 4 state:

> Request No. 2: Please admit that Dr. Buckner did not deviate from the standard of care in her treatment of decedent.

> Request No. 4: Please admit that Dr. Buckner complied with the standard of care in performing services for the decedent.

The requests clearly apply the legal standard of care to the facts of the case. The term "standard of care" is sufficient to serve as a preamble of fact. Therefore, this argument has no merit.

¶9. To further support his contention that Dr. Buckner's requests for admission violated M.R.C.P. 36(a), Cole alleges that neither the notice of filing nor the actual requests were filed with the circuit court. The record clearly shows that notice of service was filed on November 27, 2000, but the actual document was inadvertently left out of the record. Cole was also the recipient of a letter from Dr. Buckner's counsel dated December 14, 2000, which granted Cole an additional 30 days to respond to discovery. This letter was in response to a letter dated December 8, 2000, written by Cole's attorney requesting additional time to answer discovery. Cole was aware that Dr. Buckner had made discovery requests. Also, Cole did not raise this issue before the trial court, therefore, it may not be raised for the first time on appeal. *Century 21 Deep S. Prop., Ltd. v. Corson,* 612 So. 2d 359, 371 (Miss. 1992). This issue, too, is without merit.

¶10. Cole also argues Dr. Buckner did not attach a copy of the requests for admission as exhibits to her motion to strike. Cole cites no authority which states such practice is required or that the failure to include the requests as an exhibit is grounds for reversible error. Therefore, this Court is under no obligation to address this issue. *R.C. Petroleum, Inc. v. Hernandez*, 555 So.2d 1017, 1023 (Miss.1990); *Brown v. State*, 534 So.2d 1019, 1023 (Miss.1988); *Shive v. State*, 507 So.2d 898 (Miss.1987); *Read v. S. Pine Elec. Power Ass'n*, 515 So.2d 916 (Miss.1987); *Devereaux v. Devereaux*, 493 So.2d 1310 (Miss.1986); *Pate v. State*, 419 So.2d 1324 (Miss.1982). This issue is also without merit.

¶11. This Court finds that all arguments raised in support of a violation of M.R.C.P. 36(a) regarding the requests for admission are without merit, and the trial court's ruling should be affirmed.

### II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO ANSWER AND/OR TO PERMIT WITHDRAWAL OR AMENDMENT OF REQUESTS FOR ADMISSION (NOS. 2 AND 4).

¶12. In support of his argument as to an extension of time or permission to withdraw or amend his answer to the requests for admission, Cole only asserts that, with the receipt of the affidavit of a competent physician expert, the burden of M.R.C.P. 36(b) was clearly met. He cites no case authority to supplement his argument that the trial judge abused his discretion by not allowing a withdrawal or amendment.

¶13. M.R.C.P. 36(b) states:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits....

This Court has repeatedly held that M.R.C.P. 36 should be enforced as it is written:

> We do not intend here to suggest that any request for admissions to which a response, objection or motion for time has not been filed before the thirty-first day should be taken as irrevocably admitted. Necessary and practicable leniency, however, appear to have generated an air of benevolent gratuity about the administration of Rule 36. But, of course, there is no gratuity about it. Courts cannot give or withhold at pleasure. Rule 36 is to be enforced according to its terms.

*Educational Placement Servs. v. Wilson*, 487 So. 2d 1316, 1318 (Miss. 1986). Because discovery is left to the discretion of the trial court, this Court will only reverse a ruling if there has been an abuse of discretion. *Harkins,* 348 So. 2d at 1022 (citing *Paulk v. Housing Auth.*, 228 So.2d 871 (Miss.1969)). After conducting two hearings, the trial court determined there was no sufficient cause for Cole's delay in answering discovery. This Court finds no abuse of discretion.

¶14. Dr. Buckner takes her argument one step further and states not only were the responses untimely, but they were meaningless under URCCC 4.04B which states:

> When responding to discovery requests, interrogatories, requests for production, and requests for admission, the responding party shall, as part of the responses, set forth immediately preceding the response the question or request to which such response is given. Responses shall not be deemed to have been served without compliance to this subdivision.

Cole's responses did not set forth the question preceding each response. Therefore, according to the rule, the responses are deemed to have not been served. This Court finds this issue is also without merit.

## CONCLUSION

¶15. Cole cites no case authority to support either of his arguments. The requests for admission did not violate M.R.C.P. 36(a). The trial judge did not abuse his discretion by not allowing an extension of time, withdrawal or amendment of the requests for admission pursuant to M.R.C.P. 36(b). The motion for summary judgment was properly granted, and this Court affirms the judgment of the circuit court.

¶16. **AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, EASLEY AND**

**GRAVES, JJ., CONCUR.**