IRVING, J.,
for the Court.
¶ 1. Christopher Lancaster was convicted of capital murder by a jury in the Circuit Court of Simpson County and sentenced to life without the possibility of parole in the Mississippi Department of Corrections. Feeling aggrieved by this decision, Lancaster presents the following four issues on appeal: (1) whether the indictment is void because it fails to set forth the essential elements of the underlying offense of burglary and/or assault, (2) whether the trial court improperly granted instruction numbers S-4 and S-5A, (3) whether the trial court erred in failing to grant an instruction to the jury that both Allison and Christopher Lancaster were the parents of Christopher Lancaster, Jr. and neither had the right to keep him from the other, and (4) whether the charge of capital murder in this case violates the federal and state constitutional prohibitions against excessive punishments.
¶ 2. Ascertaining no error, we affirm.
FACTS
¶ 3. On May 29, 1999, Christopher Lancaster obtained a ride from Jackson, Mississippi to Simpson County in search of his wife, Allison Lancaster, and his toddler son, Christopher, Jr. Upon obtaining directions to his mother-in-law’s trailer home, he drove to the home and abruptly entered the home. A struggle ensued wherein Allison shot Christopher. Upon grabbing the child while Christopher was temporarily disabled, Allison exited the home and ran toward a neighbor’s house. Before she reached her destination, Christopher caught up with her, snatched the child from her arms, and shot her multiple times.
¶ 4. Lancaster was indicted for, and convicted of, capital murder. His motion for a JNOV or, in the alternative, a new trial was denied, leading to this appeal.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Sufficiency of the Indictment

¶ 5. The pertinent part of the indictment charging Lancaster alleged that he engaged in the following:
[That] on or about the 29th day of May, A. D., 1999, [Lancaster] did then and *142 there willfully, unlawfully and felo-niously with or without any design to effect death, kill Allison Lancaster while in the commission of the crime of burglary as set forth by Section 97-17-33 of the Mississippi Code of 1972, annotated, in that on or about May 29, 1999 in Simpson County, Mississippi, Chris Lancaster did willfully, unlawfully, felo-niously and burglariously break and enter a trailer belonging to Rusty May and in which trailer valuable things were kept for use, said Chris Lancaster having the intent to commit an assault therein, in violation of Section 97-3-19(2)(e) of the Mississippi Code of 1972, annotated, as amended....
¶ 6. Lancaster first asserts that the indictment fails to make clear whether the predicate offense, burglary, involves larceny or an assault.
¶ 7. We find no merit in Lancaster’s argument. The indictment plainly states that Lancaster was charged with killing Allison “while in the commission of the crime of burglary as set forth by section 97-17-33 of the Mississippi Code of 1972.” This language unequivocally expresses that Lancaster was charged with murder while engaged in the underlying crime of burglary. Moreover, the language of “intent to commit an assault therein” specifically satisfies the “intent to commit a crime” element of burglary. While the indictment includes the language of “in which trailer valuable things were kept for use,” this language is superfluous, as nothing in the indictment hints that Lancaster stole anything from the trailer of Rusty May. The said language specifically describes the trailer which was broken and entered into and in no way modifies “the intent to commit a crime” language of the indictment which is reflective of the burglary statute.
¶ 8. Lancaster secondly argues that the indictment fails to set out the elements of burglary. He first acknowledges that his indictment charges that he broke and entered into the trailer home with the “intent to commit an assault.” However, he explains that this language is insufficient to charge an underlying crime for the burglary because, as opposed to such crimes as simple assault or aggravated assault, there is no such crime as an “assault.” Lancaster states that since a burglary indictment requires a breaking and entering with “intent to commit a crime,” the indictment fails to charge capital murder during the course of a burglary.
¶ 9. The indictment must be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him. Peterson v. State, 671 So.2d 647, 653-54 (Miss.1996); URCCC 7.06. Generally, whether an indictment in the language of the statute is sufficient, or whether other words or acts are necessary to properly charge the commission of a crime is dependent upon the nature of the offense and the terms in which it is described by the statute. Jones v. State, 856 So.2d 285, 289(¶12) (Miss. 2003). If the statute fully and clearly defines the offense, the language of the statute is sufficient to provide notice of the crime charged. Id. (citing Johnson v. State, 475 So.2d 1136, 1139 (Miss.1985)).
¶ 10. We find that Lancaster’s contention is wholly without merit. The language of the indictment explicitly mirrors the burglary statute of Mississippi Code Annotated section 97-17-33[1], as it states, “(Lancaster) did willfully, unlawfully, felo-niously and burglariously break and enter a trailer ... having the intent to commit an assault therein.” Moreover, the lan *143 guage of “intent to commit assault” has been held to be valid in an indictment to depict the predicate crime for burglary. See Booker v. State, 716 So.2d 1064, 1068(1112) (Miss.1998) (Indictment which charged defendant with burglary with the intent to commit assault provided sufficient notice of the charges against him.)
¶ 11. Finally, Lancaster asserts that his indictment failed to set forth the essential elements of the crime of assault. He explains that it did not indicate what sort of assault, what degree of bodily injury or the intended victim of said assault. According to Booker:
The rule is well established, however, that even though in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient for the indictment to use these general words; the particular felony intended must be specified. The allegation of the ulterior felony intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of that felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape or arson.
Booker, 716 So.2d 1064, 1068(¶ 12) (citing 13 Am.Jur.2d Burglary § 36 (1964)). We, therefore, find that it was not necessary for the State to supply the elements of assault, as it was used as the underlying intent crime of burglary. Moreover, we find, that in the case sub judice, Lancaster was sufficiently informed of the underlying felony and the essential facts constituting the offense of capital murder.

2. Jury Instructions S-I and S-5A

¶ 12. Lancaster argues that the court improperly granted jury instructions S-4 and S-5A. He explains that the instructions allowed the State to try him on both capital murder, simple murder, and manslaughter. He further asserts that the State lacked a “cohesive theory” in its prosecution. According to Lancaster, there was no way to fashion a defense as he was denied the ability to defend himself.
¶ 13. We see no merit in Lancaster’s contentions. Jury instructions S-4 and S-5A only concerned simple murder and the obligation of the jury, if the evidence so supported, to find Lancaster guilty of simple murder. This Court fails to see how the trial court’s granting of this jury instruction obstructed Lancaster’s ability to prepare his defense. It was the purpose of the indictment to give notice to Lancaster of the charge against him, and, as we have already determined, the indictment in the case sub judice was sufficient to achieve that purpose. We, therefore, see no prejudice against Lancaster in this regard.

3. Parental Instruction

¶ 14. Lancaster asserts that the trial court erred when it failed to grant an instruction to the jury that both Allison and Christopher were the parents of Junior and that neither had the right to keep him from the other. He explains that the *144 jury could have easily labored under the misapprehension that it was improper for Christopher to seek out his child. He proclaims that such an instruction is consistent with the law and that the denial of this instruction denied him the right to present his defense.
¶ 15. We find no merit in Lancaster’s contention on this issue. The evidence demonstrates that Lancaster proposed this impromptu parental instruction during a review of jury instructions by both counsel and the judge. Upon the trial judge’s denial of his proposal, Lancaster immediately retorted, “Judge I do suggest for the record there is a statute to the effect that both parents are considered equal guardians of the child.” While making this assertion, Lancaster presented no specific authority to support his proposal then, and does not now, give legal support for his argument of the necessity for the instruction.
¶ 16. Moreover, we also do not find, nor does Lancaster explain how, the denial of this instruction denied him the right to present his defense. This case did not involve a question of whether Lancaster had a right to possession of the child, but involved whether Lancaster committed capital murder while breaking and entering a trailer that did not belong to him. Moreover, even if Lancaster had a right to the child, any such right would not have carried with it a right to break and enter the trailer and murder the child’s mother.
A Charge of Capital Murder as Viola-tive of Prohibition Against Excessive Punishment
¶ 17. Lancaster next argues that the charge of capital murder in this case violates the federal and state constitutional prohibitions against excessive punishment. While Lancaster cites Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) and Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), as supporting legal authority for this proposition, we find nothing in those cases to support Lancaster’s arguments. Moreover, Lancaster brings forth this issue for the first time in his appeal. An issue not raised before the trial court may not be raised for the first time on appeal. Cole ex rel. Cole v. Buckner, 819 So.2d 527, 530(¶ 9) (Miss.2002).
¶ 18. The judgment of the trial court is affirmed in all respects.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE WITHOUT PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. Mississippi Code Annotated section 97-17-33 (Rev.2000) states:
*143 (1) Every person who shall he convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, water vessel, commercial or pleasure craft, ship, steamboat, flatboat, railroad car, automobile, truck or trailer in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any building within the curtilage of a dwelling house,, not joined to, immediately connected with or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years, (emphasis added).