933 So.2d 261 (2005)
Charles T. HALEY, M.D. Petitioner
v.
Michael HARBIN, Individually and Jacqueline Harbin, Individually and as Administratrix of the Estate of Madison Parker Harbin, Deceased Respondents.
No. 2005-IA-00989-SCT.
Supreme Court of Mississippi.
August 25, 2005.

*262 ORDER

This matter came before the Court en banc on the Emergency Petition for Permission to Appeal Interlocutory Order filed by counsel for Charles T. Haley, M.D. Also before the Court is the response in opposition to the petition filed by counsel for Michael Harbin, et al. and Haley's reply to that response. Haley seeks leave to appeal from the order signed by the Circuit Court of Grenada County, Mississippi on May 4, 2005, and entered on or about June 6, 2005, in cause number XXXX-XXXXCVL, in which the circuit court granted Harbin's motion to compel certain discovery responses.
After due consideration the Court finds that the requirements of M.R.A.P. 5 have been met, and the Emergency Petition for Permission to Appeal Interlocutory Order is well taken and should be granted. The Court further finds that no further briefing is needed and will proceed to a consideration of the merits.
In the present matter, the trial court ordered Haley to respond to Harbin's Amended Requests for Admissions and 2nd Set of Interrogatories. The Amended Requests for Admissions are 33 pages in length and contain approximately 250 separate requests for admissions. The 2nd Set of Interrogatories attaches 117 pages of printouts from a fetal heart monitoring device. On each printout, numerous marks made by the device were highlighted and lettered by Harbin. The interrogatories direct Haley to answer numerous questions regarding each highlighted and lettered mark. The first interrogatory alone directs Haley to make 1,802 separate responses.
Rules 26, 33, and 36 of the Mississippi Rules of Civil Procedure govern discovery, written interrogatories, and requests for admissions. These rules are clear and unambiguous. Discovery methods, including but not limited to, interrogatories and requests for admissions, are not to be used as a ruse or stratagem to obfuscate the truth or to trick an opposing party into admitting a disputed fact. When justice requires, a protective order shall be entered "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." M.R.C.P. 26(d). Pursuant to M.R.C.P. 11, 26, and 37, the trial courts have the authority to impose sanctions for discovery abuses, and they should act promptly to sanction those who abuse the rules.
M.R.C.P. 33(a), which governs written interrogatories, provides, in pertinent part,
Any party may serve as a matter of right upon any other party written interrogatories not to exceed thirty in number. . . . Each interrogatory shall consist of a single question . . . . Leave of court, to be granted upon a showing of necessity, shall be required to serve in excess of thirty interrogatories.
(emphasis added). The number propounded "are to be computed by counting each distinct question as one of the thirty, even if labeled a sub-part, subsection, threshold question, or the like." M.R.C.P. 33 cmt.
M.R.C.P. 36(a), which governs requests for admissions, requires that "[e]ach matter of which an admission is requested shall be separately set forth." Although not limited to a specific number, the requests must be reasonable and must be unambiguous. A request is ambiguous if the request is subject to more than one reasonable interpretation. The purpose of requests for admissions is to narrow and define issues for trial. Joseph L. v. Conn. Dep't of Children & Families, 225 F.R.D. *263 400, 402 (D.Conn.2005); see also DeBlanc v. Stancil, 814 So.2d 796, 801-02 (Miss. 2002). "Properly used, requests for admissions serve the expedient purpose of eliminating `the necessity of proving essentially undisputed and peripheral issues of fact.'" Wigler v. Elect. Data Syst. Corp., 108 F.R.D. 204, 205 (D.Md.1985) (quoting Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 917 (2d Cir.1959)). Requests for admissions "`should not be of such great number and broad scope as to cover all the issues [even] of a complex case,' and `[o]bviously . . . should not be sought in an attempt to harass an opposing party.'" Wigler, 108 F.R.D. at 206-07 (quoting Lantz v. New York Cent. R. R., 37 F.R.D. 69 (N.D.Ohio 1963)).
This Court finds that the subject requests for admissions and written interrogatories are, in fact, grossly excessive in number, unduly burdensome, and oppressive. Many are confusing, and therefore, ambiguous and fail to comply with the above stated rules of civil procedure. We hold that the trial court abused its discretion in compelling Haley to respond.
The trial court's order compelling discovery shall be set aside, and this matter shall be remanded to the trial court to reconsider all discovery issues which were pending in the trial court prior to the entry of this order. This court orders the attorneys for Haley and Harbin, prior to attempting to schedule a hearing before the trial court, to commence good faith efforts to narrow the disputed issues, if not in fact to resolve them. Prior to attempting to schedule a hearing, the attorneys for all parties shall certify that they have conferred with opposing counsel concerning these matters. See, e.g., M.R.C.P. 26(c). Should the parties fail to resolve the issues, the party seeking the discovery shall file a motion to compel.
Any party who seeks to propound interrogatories in excess of thirty in number must seek leave of the trial court by filing an appropriate motion. That motion shall state with specificity each separate interrogatory in excess of thirty and the legal basis for the claim of necessity. The trial court shall conduct a hearing at which it will consider each such claim. Leave of court shall only be granted once the requesting party has, in fact, proven necessity. If the trial court finds that any party acted, or failed to act, without good grounds, then the trial court shall impose sanctions as provided for in M.R.C.P. 11, 26, and 37.
As discussed above, requests for admissions must be reasonable and unambiguous. "Each matter of which an admission is requested shall be separately set forth." M.R.C.P. 36(a). Any party seeking to compel responses to requests for admissions shall file an appropriate motion. The trial court shall conduct a hearing at which it will consider each request. If the trial court finds that any party acted, or failed to act, without good grounds, then the trial court shall impose sanctions as provided for in M.R.C.P. 11, 26, and 37.
We find that the stay entered by this Court on May 25, 2005 shall be lifted. We further find that this Order should be published as an announcement to all members of the Bar.
IT IS THEREFORE ORDERED that the Emergency Petition for Permission to Appeal Interlocutory Order filed by counsel for Charles T. Haley, M.D., is hereby granted.
IT IS FURTHER ORDERED that the stay entered by this Court on May 25, 2005, is hereby lifted.
IT IS FURTHER ORDERED that the circuit court's order compelling Haley to respond to Harbin's Amended Requests *264 for Admissions and 2nd Set of Interrogatories is vacated.
IT IS FURTHER ORDERED that this matter is hereby remanded to the Circuit Court of Grenada County, Mississippi, for further proceedings consistent with this Order.
IT IS FURTHER ORDERED that all costs of this appeal are taxed to Michael Harbin, et al.
IT IS FURTHER ORDERED that this Order be published, and that the Clerk of this Court shall spread this Order upon the minutes of the Court and shall forthwith forward a true certified copy hereof to West Publishing Company for publication as soon as practical in the advanced sheets of the Southern Reporter, Second Series (Mississippi Edition).
SO ORDERED.
/s/Michael K. Randolph, MICHAEL K. RANDOLPH, JUSTICE, FOR THE COURT
TO DENY: GRAVES, J.
NOT PARTICIPATING: DIAZ, J.