# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00487-COA

**GERTRUDE BROOKS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE AND WRONGFUL DEATH BENEFICIARIES OF LEROY BROOKS**                                  APPELLANT

**v.**

**THE LANDMARK NURSING CENTER, INC. D/B/A THE LANDMARK NURSING AND REHABILITATION CENTER**                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/2016 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER III |
| COURT FROM WHICH APPEALED: | PRENTISS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANIEL M. CZAMANSKE JR. |
| ATTORNEYS FOR APPELLEE: | THOMAS L. KIRKLAND JR. |
| | ANDY LOWRY |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S MOTION TO WITHDRAW ADMISSIONS PURSUANT TO MISSISSIPPI RULE OF CIVIL PROCEDURE 36(B) AND GRANTED SUMMARY JUDGMENT FOR APPELLEE |
| DISPOSITION: | AFFIRMED - 03/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Gertrude Brooks failed to respond to requests for admissions served by the defendant, The Landmark Nursing Center Inc. (Landmark), within the time allowed by Mississippi Rule of Civil Procedure 36(a). Thus, pursuant to Rule 36(a), Landmark's requests were deemed admitted. Even after Landmark filed a motion for summary judgment based on her deemed

admissions, Brooks waited another four months to file a motion to withdraw the admissions pursuant to Rule 36(b), and Brooks never actually responded to the requests. The Prentiss County Circuit Court declined to excuse Brooks's "blatant carelessness and neglect," denied her motion to withdraw her admissions, and granted summary judgment for Landmark. The circuit court did not abuse its discretion by denying Brooks's motion to withdraw her admissions, and Landmark was entitled to judgment as a matter of law based on those admissions. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On March 6, 2014, Brooks filed a wrongful death suit against Landmark in circuit court. Brooks alleged that her late husband, Leroy, had been a resident of Landmark's facility in Booneville from November 3, 2011, until January 4, 2012, and that he died as a result of negligent care and understaffing at the facility. Leroy was admitted to the hospital on January 4, 2012, and passed away three days later.

¶3. Landmark answered the complaint and on June 5, 2014, served discovery requests on Brooks, including requests for admissions, interrogatories, and document requests. Brooks failed to answer or otherwise respond to the requests by July 8, 2014. Accordingly, Landmark's requests were "admitted" by operation of law. M.R.C.P. 36(a).

¶4. On August 6, 2014, counsel for Brooks left a voicemail for Landmark's counsel asking whether Landmark had served discovery requests. The next day, Landmark's counsel emailed counsel for Brooks another copy of Landmark's discovery requests and a letter

2

stating that Landmark intended to file a motion for summary judgment.

¶5. On August 15, 2014, Landmark filed a motion for summary judgment based on the deemed admissions. Landmark argued that, by failing to respond to its requests for admissions, Brooks had admitted that "the health care services provided to Leroy . . . were appropriate in all respects," that Landmark "was not negligent in any fashion," and that Leroy "was not harmed by any of the alleged misconduct in the complaint."[1]

¶6. On September 12, 2014, Brooks served Landmark with discovery requests—although she still had not provided responses to any of Landmark's discovery requests, filed a motion to withdraw her admissions pursuant to Rule 36(b), or responded to Landmark's summary judgment motion.

¶7. On November 4, 2014, the circuit judge signed an order directing Brooks to file a response to Landmark's summary judgment motion within ten days of receipt of the court's order. The order provided that if Brooks failed to file a response, the court would enter an order based "solely upon the pleadings previously filed in this matter." On November 14, 2014, Brooks filed a motion asking for an additional thirty days to respond to the summary

---

[1] Landmark's motion for summary judgment quotes from its requests for admissions and indicates that the requests were made an exhibit to the motion. However, none of the exhibits to Landmark's motion were included in the record on appeal. It was Brooks's duty to ensure that the record on appeal included all matters necessary to address the issues on appeal, *see State ex rel. Miss. Bureau of Narcotics v. Canada*, 164 So. 3d 1003, 1006 (¶9) (Miss. 2015), but the omission is unimportant in this case because the parties do not dispute the date of service, the relevant matters deemed admitted, or any other material fact. *See Cole ex rel. Cole v. Buckner*, 819 So. 2d 527, 530-31 (¶¶9-10) (Miss. 2002) (affirming summary judgment based on deemed admissions even though the actual requests were not included in the record).

3

judgment motion. In the motion, Brooks's counsel represented that she had been unable to respond to Landmark's motion for summary judgment because her firm had lost an attorney, resulting in a "tremendous increase in workload" for her.

¶8. On December 8, 2014, Brooks filed a motion to withdraw her deemed admissions. In the motion and her attached affidavit, Brooks's counsel represented that her paralegal had "misplaced and/or misfiled" Landmark's discovery requests. She also stated that in July 2014, one of the three attorneys in her office was suspended and subsequently fired, which required her and the one other attorney in the office to assume his caseload. Brooks argued that she should be allowed to withdraw her admissions because the case was "still in its early stages" and Landmark would not be prejudiced. She stated that she would provide responses "as soon as possible" if the court would grant her leave to respond.

¶9. On December 8, 2014, Brooks also filed a response to Landmark's summary judgment motion, together with an affidavit from Dr. Timothy Klein. Dr. Klein opined that Landmark's nursing staff deviated from the applicable standard of care by allegedly failing to notify a doctor that Leroy was experiencing labored breathing on December 30, 2011, and January 2-3, 2012, and had a fever on January 2-3, 2012. Dr. Klein also opined that it was "more likely than not" that Leroy would have survived if he had been admitted to the hospital sooner than January 4, 2012.

¶10. On December 22, 2014, Landmark filed a combined response to Brooks's motion to withdraw her deemed admissions and reply in support of its motion for summary judgment.

4

Landmark recounted the history of the case and argued that Brooks failed to present any justifiable cause for her continued failure to respond to the requests for admissions and other discovery. For that reason, Landmark argued that the court should enter summary judgment based on Brooks's deemed admissions alone. Alternatively, Landmark argued that Dr. Klein's affidavit was too conclusory and speculative to avoid summary judgment. Landmark also attached an affidavit from its director of nursing, which stated that Leroy's labored breathing and low fever did not require notification of a physician.

¶11. On February 20, 2016, Brooks's attorney filed a motion to withdraw as counsel. In her motion, the attorney stated that she would be taking an in-house position with a private corporation effective March 1, 2016, and that no other attorney in her firm was licensed in Mississippi. The attorney further stated that she had notified Brooks of her new employment and desire to withdraw, and that Brooks refused to consent to her withdrawal. Landmark opposed the motion to withdraw, arguing that the attorney had effectively "injected herself into the issues surrounding" Landmark's motion for summary judgment. The circuit court never granted or denied counsel's motion to withdraw.

¶12. On March 7, 2016, the circuit court denied Brooks's motion to withdraw and amend her responses to Landmark's requests for admissions. Citing *Young v. Smith*, 67 So. 3d 732, 739 (¶11) (Miss. 2011), the court noted that the Mississippi Supreme Court has held that such a motion "is properly denied where there is no 'justifiable excuse' or 'good reason' to allow the relief sought." The court found it significant that Brooks did not move to withdraw her

5

admissions until four months after Landmark filed its motion for summary judgment, and the court declined to "excuse [such] blatant carelessness and neglect." The court concluded that the deemed admissions were dispositive and that Landmark was entitled to summary judgment for that reason alone. The court also concluded that Dr. Klein's affidavit was "conclusory in nature" and failed to "articulate the applicable standard of care."

¶13. A new attorney from a different law firm subsequently entered an appearance for Brooks and filed a timely notice of appeal.

## DISCUSSION

¶14. On appeal, Brooks argues that the circuit court should not have entered summary judgment because the dispositive admissions are conclusions of law that are beyond the scope of Rule 36(a). She also argues that the circuit court abused its discretion by denying her motion to withdraw her admissions pursuant to Rule 36(b). We address these arguments in turn.

### I. Scope of Rule 36(a)

¶15. Landmark contends that Brooks's first argument is procedurally barred because it was not presented to the circuit court and is raised for the first time on appeal. We agree. "'It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal. ' . . . The rule is that a 'trial judge cannot be put in error on a matter which was never presented to him for decision.'" *City of Hattiesburg v. Precision Constr. LLC*, 192 So. 3d 1089, 1093 (¶18) (Miss. Ct. App. 2016) (emphasis omitted) (quoting *Adams*

6

*v. Bd. of Sup'rs of Union Cty.*, 177 Miss. 403, 170 So. 684, 685 (1936); *Methodist Hosps. of Memphis v. Guardianship of Marsh*, 518 So. 2d 1227, 1228 (Miss. 1988)). Brooks's failure to raise this issue in the circuit court precludes her from making the argument in this Court.

¶16. Procedural bar notwithstanding, Brooks's argument also fails under existing Mississippi Supreme Court precedent. Brooks complains that Landmark's requests for admissions went beyond the proper scope of Rule 36 by asking her to admit essentially that Landmark did not violate the standard of care, that Landmark was not negligent, and that Landmark's alleged conduct was not the proximate cause of any injury to Leroy. Brooks contends that these requests addressed "conclusions of law," which are not a proper subject of Rule 36 requests for admissions.

¶17. However, a unanimous Mississippi Supreme Court rejected the same argument in *Cole*, 819 So. 2d 527, another medical malpractice/wrongful death case. There, by failing to respond to requests for admissions, the plaintiff admitted that the defendant doctor "did not deviate from the standard of care in her treatment of [the] decedent" and "complied with the standard of care in performing services for the decedent." *Id.* at 530 (¶8). On appeal, the Supreme Court rejected the plaintiff's argument that the doctor's requests for admissions "did not comply with Rule 36 because they did not contain a preamble of fact, but merely stated conclusions of law." *Id.* at (¶7). The Court pointed out that Rule 36(a) specifically permits requests to admit "the truth of . . . statements or opinions of fact *or of the application of law to fact*." *Id.* at (¶8) (quoting M.R.C.P. 36(a)) (emphasis by the Supreme Court). The

7

Court stated, "The [doctor's] requests clearly apply the legal standard of care to the facts of the case. The term 'standard of care' is sufficient to serve as a preamble of fact. Therefore, this argument has no merit." *Id.*

¶18.  *Cole* cannot be distinguished from this case. The Supreme Court clearly held that a defendant in a medical malpractice case can request an admission that the patient's treatment complied with the applicable standard of care, and that a plaintiff's failure to respond to the request will result in a dispositive admission and a basis for granting summary judgment. It is perhaps debatable whether such requests are consistent with or promote the supposed purpose of Rule 36.[2]  However, any fair reading of *Cole* compels the conclusion that, under binding Supreme Court precedent, they are permissible and that a failure to timely respond may doom a plaintiff's case. Accordingly, Brooks's argument that Landmark's requests for admissions were improper or beyond the scope of the rule "has no merit." *Cole*, 819 So. 2d at 530 (¶8). Brooks's admissions "conclusively established" the issues addressed in Landmark's requests, M.R.C.P. 36(b), and were a proper basis for summary judgment.

---

[2] The Supreme Court has said that "[t]he purpose of requests for admission under Rule 36 is 'to determine which facts are not in dispute.' 'It is not intended to be used as a vehicle to escape adjudication of the facts by means of artifice or happenstance.'" *Rhoda v. Weathers*, 87 So. 3d 1036, 1039 (¶9) (Miss. 2012) (quoting *DeBlanc v. Stancil*, 814 So. 2d 796, 802 (¶26) (Miss. 2002)). "Properly used, requests for admissions serve the expedient purpose of eliminating the necessity of proving essentially undisputed and peripheral issues of fact." *Haley v. Harbin*, 933 So. 2d 261, 263 (Miss. 2005) (quotation marks omitted), *quoted in* M.R.C.P. 36 Adv. Comm. Note. "Requests for admissions should not be of such . . . broad scope as to cover all the issues . . . of a complex case and obviously should not be sought in an attempt to harass an opposing party." *Id.* (quotation marks and alterations omitted).

## II.    Withdrawal of Admissions Under Rule 36(b)

¶19.    We next address Brooks's argument that the circuit judge should have allowed her to withdraw her admissions.  Rule 36(a) provides that requests for admissions are deemed admitted unless, within thirty days of service, the recipient serves an answer or objection to the request.  "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  M.R.C.P. 36(b).  The Supreme Court has said that "Rule 36 . . . is not intended to be applied in Draconian fashion[,]" and its potential for "harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances." *DeBlanc*, 814 So. 2d at 801-02 (¶26).  But the Court has also emphasized that "Rule 36 'is to be enforced according its terms.'" *Young*, 67 So. 3d at 738 (¶11) (quoting *Educ. Placement Servs. v. Wilson*, 487 So. 2d 1316, 1318 (Miss. 1986)).  "[R]ules are promulgated for a purpose," and litigants know or should know "the severe consequences of failing to timely respond" to requests for admissions under Rule 36. *Earwood v. Reeves*, 798 So. 2d 508, 516 (¶26) (Miss. 2001).

¶20.    A party who is seeking to withdraw deemed admissions *must* file a proper motion for relief under Rule 36(b). *Montgomery v. Stribling*, 115 So. 3d 823, 829 (¶18) (Miss. Ct. App. 2012).  Rule 36(b) provides that a "court *may* permit withdrawal or amendment when [(1)] the presentation of the merits of the action will be subserved thereby and [(2)] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice

him in maintaining his action or defense on the merits." M.R.C.P. 36(b) (emphasis added).

¶21. In this case, Rule 36(b)'s two preconditions were met, so the circuit court had discretion to grant Brooks's motion. *See Sanford v. Dudley*, 196 So. 3d 1106, 1112 (¶17) (Miss. Ct. App. 2016). However, "[e]ven when these two factors are established, a [trial] court still has discretion to deny a request for leave to withdraw or amend an admission." *Id.* (quoting *Carney v. IRS* (*In re Carney*), 258 F.3d 415, 419 (5th Cir. 2001)). Whether to grant a request for leave to withdraw admissions under Rule 36(b) is a matter committed to "the sound discretion of the trial court[,]" and we will not reverse the trial court "absent an abuse of discretion." *Langley ex rel. Langley v. Miles*, 956 So. 2d 970, 973 (¶9) (Miss. Ct. App. 2006). Furthermore, the Supreme Court has indicated that it is not abuse to deny relief when there is no "justifiable excuse" or "good reason" for the movant's failure to comply with Rule 36. *Young*, 67 So. 2d at 739 (¶11) (collecting cases).

¶22. In the present case, the circuit court's denial of Brooks's motion was not an abuse of discretion. Brooks's answers to Landmark's requests for admissions were due on July 8, 2014. Approximately one month later, Brooks's failure to respond to the requests was brought to her attorney's attention—first by opposing counsel, and shortly thereafter by a motion for summary judgment. In September, Brooks served Landmark with discovery requests of her own, but she still failed to serve responses to Landmark's requests or to file a motion under Rule 36(b) to withdraw her admissions. In November, the circuit court ordered Brooks to respond to Landmark's motion for summary judgment within ten days.

Brooks then requested and obtained a thirty-day extension before finally filing a motion to withdraw her admissions. Brooks's Rule 36(b) motion was filed five months to the day after her responses were due, and four months after Landmark called the default to her attention. Moreover, when Brooks finally did move for leave to withdraw her admissions, she still failed to provide responses to the requests. Indeed, she has never provided responses to the requests that Landmark served on June 5, 2014. On these facts, we cannot say that the circuit court abused its discretion in finding that Brooks presented no justifiable cause or good reason for her default or by denying her motion to withdraw her admissions.

¶23.    Indeed, Brooks's case for relief is less compelling than in *Langley*, where we affirmed the trial court's denial of a Rule 36(b) motion. In *Langley*, 956 So. 2d at 971 (¶3), also a medical malpractice case, the defendants served the plaintiff with requests for admissions on May 16, 2003. There was no further activity in the case until September 11, 2003, when the defendants moved for summary judgment based on the plaintiff's failure to respond to their requests. *Id.* at (¶4). The plaintiff served the defendants with responses to the requests on October 9, 2003, and filed a motion to withdraw her admissions on October 15, 2003. *Id.* at 972 (¶¶4-5). Similar to this case, plaintiff's counsel submitted an affidavit stating that the requests had been misplaced by a paralegal who later left the firm. *Id.* at (¶5). However, counsel's primary reason for failing to respond to the requests was that he was being treated for melanoma from May 13, 2003, to July 1, 2003, during which time he underwent two surgeries to remove cancerous lesions. *Id.* Counsel averred that he recovered from his

11

surgeries in August 2003 and finally was able to return to work after Labor Day. *Id.* at (¶6). The circuit "judge stated that she had no problems with the delay in responding that had been caused by counsel's illness. However, she found that counsel had failed to adequately explain the additional delay that had occurred after Labor Day 2003." *Id.* Accordingly, the judge denied the plaintiff's motion to withdraw her admissions, including her admissions "that the health care services provided by the defendants were not negligent but comported with the applicable standards of care and that Langley did not have a competent health care expert to advance a case of medical negligence." *Id.* And based on these admissions, the court ruled that there was no genuine issue of material fact and that the defendants were entitled to summary judgment. *Id.*

¶24.     On appeal, we affirmed the circuit court's decision, stating as follows:

> [T]he trial court was within its discretion in also considering counsel's neglect of the situation after his illness had resolved and he had returned to work. When a party is in default under Rule 36(a), the trial court and the requesting party should not have to wait indefinitely for the defaulter to serve the responses, to file a motion for an extension of time pursuant to Rule 6(b)(2), to file a Rule 36(b) motion to withdraw, or to take other action to attempt to rectify the default. Rather, it is within the court's broad discretion concerning discovery matters to consider a party's failure, after the illness or other justifiable impediment to responding has ended, to make a reasonably timely effort to correct the default.

*Id.* at 975 (¶14). We went on to affirm the circuit judge's finding that "counsel had no excuse for the additional delay after he had returned to work." *Id.* at (¶15). "Indeed," we noted, "counsel did nothing concerning the requests for admissions until after the defendants had served their motion to deem the requests admitted and for summary judgment." *Id.* We

12

held that "given the trial court's broad power to regulate discovery, the court was within its discretion in denying [the plaintiff's] motion to withdraw the deemed admissions based upon the inaction of [her] counsel." *Id.*

¶25. The result and reasoning of *Langley* are controlling in this case. Indeed, *Langley* involved a shorter delay, and counsel offered a much better reason for that delay. Also, the plaintiff in *Langley* eventually provided responses to the defendants' requests, whereas Brooks never has. If the denial of the Rule 36(b) motion in *Langley* was not an abuse of discretion, it necessarily follows that the denial in this case was not either.[3]

¶26. Because the circuit court did not abuse its discretion by denying Brooks's motion to withdraw her admissions, Landmark was entitled to summary judgment. Brooks's deemed admissions were dispositive in that she effectively admitted that Landmark was not negligent, that its conduct conformed to the applicable standard of care, and that its conduct was not the proximate cause of Leroy's injuries or death. Therefore, there was no genuine issue of material fact, and the circuit court properly granted summary judgment.

**CONCLUSION**

¶27. The circuit court did not abuse its discretion by denying Brooks's motion to withdraw

---

[3] We note that this case is readily distinguishable from our recent decision in *Sanford v. Dudley*, in which we reversed the denial of a Rule 36(b) motion. In *Sanford*, the plaintiff served responses to the defendants' requests for admissions only sixteen days after they were due, which was only forty-six days after the defendants answered the complaint. In addition, the plaintiff acted promptly to correct her default, which was the result of her attorney's mistaken belief that counsel opposite had consented to an extension of time. *See Sanford*, 196 So. 3d at 1107-10, 1112, 1115 (¶¶1-10, 20, 26-27). Unlike *Sanford*, this case involves months of delay *after* the failure to respond was brought to the plaintiff's attention.

her deemed admissions.  Based on those admissions, Landmark was entitled to judgment as a matter of law.  Accordingly, we affirm.

¶28.    **THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT IS AFFIRMED.    ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**